IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tyheem Lewis #350748, ) | C/A No. 2:15-1241-TMC-MGB |
| ) | |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| ) | *for dismissal of three defendants* |
| Andy Strickland; Jodie Taylor; Matthew Walker; ) | |
| David Mathews; Colleton County Sheriff's ) | |
| Office, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Tyheem Lewis ("Plaintiff"), proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1983. Plaintiff files this action concerning prison conditions in the Colleton County Detention Center ("CCDC"), and he files this action *in forma pauperis* under 28 U.S.C. § 1915.[1] The Defendants David Matthews, Matthew Walker, and Colleton County Sheriff's Office should be summarily dismissed.

## BACKGROUND

Plaintiff alleges a variety of problems with the jail conditions at the CCDC .[2] [Doc. 1.] He contends that the jail conditions are unconstitutional, and, among other things, he

---

[1]Plaintiff is currently incarcerated at the Trenton Correctional Institution.

[2]The above-captioned case arises out of a suit brought by a purported unincorporated association, *We the People v. Andy Strickland, et al.*, Civil Action No. 6:15-698-BHH-KFM, which was filed on February 23, 2015. In an order [doc. 30] filed in Civil Action No. 6:15-698-BHH-KFM on February 24, 2015, United States Magistrate Judge Kevin McDonald apprised the prisoners comprising the unincorporated association that they cannot represent the unincorporated association in federal court, and directed the Clerk's Office to send Section 1983 forms to each of the prisoners comprising "We the People." Most of the prisoners comprising "We the People" submitted their own individual cases; this case is one such case. Although all the individually-submitted cases raised claims relating to conditions at the Colleton County Detention Center, Judge McDonald determined that each case also contained diverse claims relating to pending criminal cases and that those cases were not appropriate for consolidation.

seeks damages against the Colleton County Sheriff's Office. [*Id*.] With respect to Matthew Walker, Plaintiff alleges that he is the public defender appointed to represent Plaintiff. [*Id*. at 5.] Plaintiff alleges Matthew Walker had not done any of the things that Plaintiff had requested with respect to his criminal case. [*Id*.] Plaintiff alleges that David Matthews is Matthew Walker's boss; so, Plaintiff wrote to David Matthews to request certain actions in his criminal case. [*Id*.] Mr. Matthews allegedly informed Plaintiff that he would make sure Matthew Walker gets it done, but five months passed with nothing done. [*Id*.] Thus, liberally construed, Plaintiff alleges Walker and Matthews violated Plaintiff's right to effective assistance of counsel. [Doc. 1.] Plaintiff seeks damages against both public defenders. [*Id*. at 7.][3]

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

---

[3]The alleged factual details related to prison conditions are not set forth because they are not necessary for this Report and Recommendation, and service of process is authorized for Andy Strickland and Jodie Taylor.

Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, a portion of the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## **DISCUSSION**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to

3

vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Colleton County Sheriff's Office is subject to summary dismissal because of Eleventh Amendment immunity.  Sheriff's departments in South Carolina are state agencies, not municipal departments.  *See* S.C. Code Ann. § 23-13-550; 1975 S.C.Att'y.Gen'l.Op. No. 47 (Jan. 22, 1975); S.C. Code Ann. § 23-13-10, which provides that only the Sheriff has the authority to hire or terminate employees of the Sheriff's Department, and that the Sheriff is responsible for neglect of duty or misconduct by a deputy sheriff; *see also Edwards v. Lexington Cnty. Sheriff's Dep't*, 688 S.E.2d 125, 127 n.1 (S.C. 2010) ("However, under South Carolina law, the sheriff and sheriff's deputies are State, not county, employees."); *Allen v. Fid. and Deposit Co.*, 515 F. Supp. 1185, 1189–91 (D.S.C. 1981) (County cannot be held liable for actions of deputy sheriff because deputy sheriffs serve at pleasure of the Sheriff, not the County), *aff'd*, 694 F.2d 716 (4th Cir. 1982); *Comer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (suit against Sheriff of Greenville County: ". . . Sheriff Brown is an arm of the State.").  Indeed, any damages to Plaintiff, if awarded in this case, would be paid by the South Carolina State Insurance Reserve Fund.  *Comer v. Brown*, 88 F.3d at 1332 ("Judgments against the Greenville County Sheriff are paid by the South Carolina State Insurance Reserve Fund.").

Public Defenders David Matthews and Matthew Walker are subject to summary dismissal because they have not acted under color of state law with respect to their representation in Plaintiff's criminal case. An attorney, whether retained, court-appointed, or a public defender, does not act under color of state or federal law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 317–24 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155–56 (4th Cir. 1980) (court-appointed attorney); and *Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976) (private attorney).

## **RECOMMENDATION**

It is recommended that Defendants David Matthews, Matthew Walker, and Colleton County Sheriff's Office be dismissed from this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). The lawsuit remains pending against the other Defendants at this time. **Plaintiff's attention is directed to the important notice on the next page.**

August 26, 2015
Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).